```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HATBORO-HORSHAM SCHOOL          :         CIVIL ACTION
DISTRICT                        :
                                :
        v.                      :
                                :         NO. 24-2591
R.C., et al.                    :
```
---
```
R.C., et al.                    :         CIVIL ACTION
                                :
        v.                      :
                                :
HATBORO-HORSHAM SCHOOL          :         NO. 24-2605
DISTRICT                        :
```

<u>MEMORANDUM</u>

Bartle, J.                                            August 22, 2024

R.C., a minor student with a disability, resides with his parents C.K. and S.C. in the Hatboro-Horsham School District ("School District") in Montgomery County, Pennsylvania. R.C. attended AIM Academy, a private school in Conshohocken, for the 2022-2023 and 2023-2024 academic years and is enrolled to attend in the coming academic year, 2024-2025. R.C., together with his parents, and the School District dispute whether the School District is responsible for the payment of his tuition for either of the prior academic years, and both have appealed the Hearing Officer's decision to this court.

Before the court is the motion of R.C. and his parents, C.K. and S.C., for automatic injunctive relief pursuant to Section 1415(j) of the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. § 1415(j) (Doc. # 12), to compel the School District to pay his private school tuition for the upcoming year during the pendency of the judicial proceedings before this court.

I

The parties have stipulated to the material facts for the purposes of the pending motion.

R.C. and his parents immigrated to the United States in June 2022. Upon their arrival, his parents enrolled him at AIM. R.C. has continuously attended AIM since the 2022-2023 academic year. In order to access public transportation from their home to AIM, R.C.'s parents registered him with the School District, his local public school district and the local educational agency. The School District is responsible for providing a free appropriate public education ("FAPE") to R.C. pursuant to the IDEA. 20 U.S.C. § 1400(d)(1)(A).

Upon R.C.'s registration with the School District in 2022, the School District, with his parents' permission, evaluated R.C. and provided him with an Individualized Education Program ("IEP") in early December 2022. The IEP provided for R.C. to be educated at a public school within the School District. His parents disagreed and chose to have R.C. taught at AIM.

In August 2023, approximately one week before the School District's 2023-2024 academic year began, R.C.'s parents requested that it reimburse them for R.C.'s tuition at AIM for the upcoming academic year.  Rather than do so, the School District convened an IEP meeting with R.C.'s parents on or about August 2023.  The new IEP outlined that a FAPE could be provided to R.C. within the Hatboro-Horsham School District, and therefore that tuition reimbursement was not required.  The parents again disagreed and continued to send R.C. to AIM.  No tuition reimbursement was paid.

In the fall of 2023, R.C.'s parents, pursuant to the IDEA, filed a due process complaint with the Office of Dispute Resolution.  This complaint sought tuition reimbursement for prior academic year, 2022-2023, and the then-current year, 2023-2024.  On March 15, 2024, Hearing Officer Cathy A. Skidmore rendered her decision and order.  She found that the School District's December 2022 IEP for R.C. was inadequate and failed to provide R.C. with a FAPE for the 2022-2023 academic year. She determined that AIM was appropriate for the 2022-2023 academic year and ruled that the School District owed R.C.'s parents reimbursement for that year's tuition.  However, the Hearing Officer found that the School District's August 2023 IEP provided a FAPE to R.C. in the School District's public schools

and that tuition reimbursement for the 2023-2024 academic year at AIM was not appropriate.

Both parties filed in this court an appeal of Hearing Officer Skidmore's decision and order. The School District maintains that it is not liable for tuition reimbursement for either academic year while the parents counter that the School District owes them tuition reimbursement for both years.

II

The parents, pursuant to the pending motion, argue that they are entitled to automatic injunctive relief to require tuition reimbursement for the academic year 2024-2025 pending the resolution of the appeals presently before this court. They rely on Section 1415(j) of the IDEA, which provides in relevant part:

> [D]uring the pendency of any proceedings conducted pursuant to [Section 1415], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . .

20 U.S.C. § 1415(j). The relevant regulation provides:

> (a) Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

>                . . .
>
> (d) If the hearing officer in a due process
>     hearing conducted by the [state
>     educational agency] or a State review
>     official in an administrative appeal
>     agrees with the child's parents that a
>     change of placement is appropriate,
>     that placement must be treated as an
>     agreement between the State and the
>     parents for purposes of paragraph (a)
>     of this section.

34 C.F.R. § 300.518(a), (d).

The then-current educational placement of the child is the placement which resulted from an IEP to which the school district and the parents had agreed. When the school district seeks to change that placement over the objection of the parents and legal proceedings ensue, the parents may invoke Section 1415(j) to keep the child in the current placement pending resolution of legal proceedings, which often are prolonged. Drinker ex rel. Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 (3d Cir. 1996) (citing Sch. Comm. of Burlington v. Dep't of Educ. of Mass., 471 U.S. 359, 373 (1985)). The purpose of Section 1415(j) is to maintain the status quo and ensure educational stability for the child. See Rena C. v. Colonial Sch. Dist., 890 F.3d 404, 415 (3d Cir. 2018) (quoting Drinker, 78 F.3d at 867); M.R. v. Ridley Sch. Dist., 744 F.3d 112, 126 (3d Cir. 2014).

The then-current educational placement also includes the placement of the child by the parents over the objections of

the school district if a hearing officer has agreed with the parents following the finding of an administrative due process complaint that the placement is appropriate under the IDEA. 34 C.F.R. § 300.518(d). The Supreme Court in Burlington and our Court of Appeals in M.R. have reasoned that the decision of the hearing officer in agreeing with the parents constitutes an agreement by the state that the placement is proper. Sch. Comm. Burlington, 471 U.S. at 372; M.R., 744 F.3d at 119. After such a decision, the placement is not deemed to be the unilateral act of the parents.

Section 1415(j) says nothing about payment of tuition for a then-current educational placement in a private school during the pendency of any legal proceedings. Nonetheless, our Court of Appeals has ruled that a parents' right to reimbursement and their ability to maintain their child's then-current educational placement are not separable. In M.R., the Ridley School District argued that the IDEA does not automatically provide reimbursement and that the parents were required to make an affirmative request to the court for such a remedy. M.R., 744 F.3d at 123. Our Court of Appeals rejected this interpretation. It explained that "[t]here is no separate requirement of a court finding of appropriateness [of reimbursement]; rather, the obligation arises automatically from a determination that the private school is the protected status

quo during the period in which the dispute resolution process is ongoing." Id.

Here, the Hearing Officer agreed with R.C.'s parents over the objection of the School District that the placement of R.C. at AIM for the 2022-2023 academic year was appropriate, that is that it constituted a FAPE.  This decision is treated as an agreement between the state and the parents with respect to the placement of R.C. at AIM.  That same placement continued during the 2023-2024 academic year.  The parents seek reimbursement for the continued placement of R.C. at AIM for the coming academic year pending the resolution of legal proceedings before this court.  Consequently, the parents are simply asking for the maintenance of the status quo of a current child placement since 2022 until this court decides the issues before it.

The motion of R.C. and his parents, C.K. and S.C., for automatic injunctive relief under Section 1415(j) of the IDEA will be granted.  R.C. shall remain in the current educational placement at AIM Academy and the Hatboro-Horsham School District shall reimburse the parents for R.C.'s tuition at AIM Academy during the pendency of these judicial proceedings.